UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | No. 2:25-cv-1249 CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

**I. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. PLAINTIFF'S COMPLAINT

Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR") and, possibly, the California Health Care Facility ("CHCF"). (ECF No. 1 at 2.) Plaintiff alleges that on March 2, 2025, plaintiff went to shut the door of his cell. (Id. at 3.) While shutting the cell door, plaintiff's finger was caught between the door and the locking mechanism. (Id.) Plaintiff broke and severely cut his finger. (Id.) Plaintiff was sent to San Joaquin Hospital to have his finger stitched back together. (Id.) Plaintiff claims that due to the failure of prison staff to follow the Housing Unit Operations Manual, plaintiff broke his finger. (Id.) Plaintiff also claims that cell doors are built with no safeguards for closing cell doors safely. (Id.) As legal claims, plaintiff alleges violation of the Eighth Amendment and a state law claim for negligence. (Id.) As relief, plaintiff seeks money damages. (Id. at 6.)

## III. DISCUSSION

### A. Eighth Amendment Claims

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999); see also Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies."). "The State of California has not waived its Eleventh Amendment immunity with

respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)).

Plaintiff's Eighth Amendment claims against defendants CDCR and CHCF are barred by the Eleventh Amendment. Accordingly, these claims are dismissed. If plaintiff files an amended complaint, plaintiff shall name as defendants the individuals responsible for the alleged deprivations.

Plaintiff is informed of the legal standards to state a potentially colorable Eighth Amendment claim. A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment when he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. See id. To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

**B. Negligence Claim**

For the following reasons, plaintiff's state law negligence claim is dismissed. To state a state law claim, plaintiff must demonstrate compliance with the California Government Claims Act. Cal. Gov't Code § 810, et seq. The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (2011). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. See State v. Superior Court (Bodde), 32

1  Cal. 4th 1234, 1244 (2004).  Thus, timely presentation of a claim under the Government Claims
2  Act must be pled in the complaint.  See id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils.
3  Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).  The plaintiff must present facts demonstrating
4  compliance, rather than simply conclusions suggesting as much.  See Shirk v. Vista Unified
5  School Dist., 42 Cal. 4th 201, 209 (2007), as modified (Oct. 10, 2007).  Such requirements also
6  apply to state law claims included in a federal action under § 1983.  See Volis v. Housing Auth.
7  of the City of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016).

8  Plaintiff's negligence claim is dismissed because plaintiff does not plead compliance with
9  the Government Claims Act.  If plaintiff files an amended complaint, he shall include his
10 negligence claim only if he can demonstrate compliance with the Government Claims Act.

11 **IV.  LEAVE TO AMEND**

12 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
13 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g.,
14 West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named
15 defendant is involved.  See Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability
16 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
17 actions and the claimed deprivation.  See Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164,
18 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in
19 civil rights violations are not sufficient.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
20 1982).

21 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
22 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
23 complaint be complete in itself without reference to any prior pleading.  This requirement exists
24 because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez
25 v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
26 supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
27 omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any
28 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hick1249.14/2

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>   Defendants. | No. 2:25-cv-1249 CSK P<br><br><u>NOTICE OF AMENDMENT</u> |

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint
(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff