UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN, | No. 2:25-cv-1249 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CDCR, et al., | |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 12, 2025, this Court dismissed plaintiff's complaint with leave to amend. (ECF No. 6.) Pending before the Court is plaintiff's amended complaint. (ECF No. 11.) For the following reasons, this Court recommends dismissal of this action.

**II. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
7  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
8  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
9  1227.

10         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
11 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
12 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
13 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
14 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
15 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
16 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
17 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
18 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
19 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
20 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
21 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
22 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
23 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

24 **III. DISCUSSION**

25         In the original complaint plaintiff named as defendants the California Department of
26 Corrections and Rehabilitation ("CDCR") and, possibly, the California Health Care Facility
27 ("CHCF").  (ECF No. 1 at 2.)  In the original complaint, plaintiff sought money damages against
28 defendants for injuries to plaintiff's finger that allegedly occurred when plaintiff shut his cell

                                                      2

1  door. (Id. at 3, 6.) Plaintiff claimed that the injuries to his finger were caused by the failure of
2  prison staff to follow the Housing Unit Operations Manual and because the cell doors had no
3  safeguards for closing cell doors safely. (Id. at 3.) As legal claims, plaintiff alleged violation of
4  the Eighth Amendment and a state law claim for negligence. (Id.)
5      In the May 12, 2025 order screening the original complaint, this Court found that
6  plaintiff's Eighth Amendment claim against defendants CDCR and CHCF was barred by the
7  Eleventh Amendment. (ECF No. 6 at 3-4.) "The Eleventh Amendment bars suits for money
8  damages in federal court against a state, its agencies, and state officials acting in their official
9  capacities." Aholehei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). The
10 Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which
11 damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual
12 prisons, "absent a waiver by the state or a valid congressional override…" Dittman v. California,
13 191 F.3d 1020, 1025 (9th Cir. 1999); see also Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302
14 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted) ("The Eleventh
15 Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of
16 the state,' its instrumentalities, or its agencies."). "The State of California has not waived its
17 Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court…"
18 Dittman, 191 F.3d at 1025-26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241
19 (1985)). For these reasons, this Court dismissed plaintiff's Eighth Amendment claim against
20 defendants CDCR and CHCF as barred by the Eleventh Amendment. (ECF No. 6 at 3-4.) In the
21 May 12, 2025 order, this Court advised plaintiff that if he filed an amended complaint, he shall
22 name as defendants the individuals responsible for the alleged Eighth Amendment violations. (Id.
23 at 4.) In the May 12, 2025 order, this Court dismissed plaintiff's negligence claim against
24 defendants CDCR and CHCF based on plaintiff's failure to plead compliance with the California
25 Government Claims Act. (Id. at 4-5.)
26     In the amended complaint, plaintiff names CDCR as the defendant. (ECF No. 11 at 1.)
27 Plaintiff alleges that on March 2, 2025, his right middle finger was crushed when his cell door
28 unexpectedly slammed. (Id. at 2.) Plaintiff alleges that defendant CDCR's failure to secure the

1  door constituted an unsafe condition of confinement. (Id.) As legal claims, plaintiff alleges
2  violation of the Eighth Amendment, negligence and what plaintiff calls a failure to train/Monell
3  claim.[1] (Id. at 2-3.) In support of the failure to train/Monell claim, plaintiff alleges that
4  defendant CDCR's failure to train or supervise staff was the moving force behind the Eighth
5  Amendment violation. (Id. at 3.) Thus, claim three is based on an alleged violation of the Eighth
6  Amendment. As relief, plaintiff seeks money damages, equitable and injunctive relief requiring
7  defendant CDCR to implement appropriate safety measures and to provide training on door
8  safety, costs of suit and any other relief the Court deems just and proper. (Id. at 4.) Plaintiff also
9  attaches to his amended complaint several exhibits which appear unrelated to the claims raised in
10 the amended complaint. (Id. at 17-65.) On July 2, 2025, plaintiff also filed a declaration in
11 support of the amended complaint. (ECF No. 12.)

12      Plaintiff's Eighth Amendment claims raised in the amended complaint against defendant
13 CDCR, for which plaintiff seeks money damages and injunctive relief, are barred by the Eleventh
14 Amendment. See Dittman, 191 F.3d at 1025-26. Accordingly, plaintiff's Eighth Amendment
15 claims against defendant CDCR should be dismissed.

16      In support of the negligence claim raised in the amended complaint, plaintiff alleges that
17 "[b]y accepting Plaintiff's Tort Claim, the State has admitted the claim's validity, satisfying any
18 conditions precedent to suit." (ECF No. 11 at 3.) Attached as an exhibit to the amended
19 complaint appears to be a copy of the tort claim form plaintiff submitted to the California
20 Department of General Services Office of Risk Insurance and Management regarding his injured
21 finger. (Id. at 10-12.) This form is signed by plaintiff on May 28, 2025. (Id. at 12.)

22      Rather than determining plaintiff's compliance with the California Government Claims
23 Act, this Court recommends that the court decline to exercise supplemental jurisdiction over
24 plaintiff's negligence claim. "Where all federal claims are dismissed in an action containing both

---

[1] By referring to Monell, plaintiff appears to refer to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978). In Monell, the Supreme Court held that municipalities are "persons" subject to damages liability under Section 1983 where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." 436 U.S. at 691. Monell is not applicable to the instant action because defendant CDCR is not a municipality.

4

federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims." Tennyson v. County of Sacramento, 2020 WL 4059568, at *7 (E.D. Cal. July 20, 2020). "Generally, if federal claims are dismissed prior to trial, state law claims should be remanded to state court 'both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" Persinger, et al. v. County of Placer, 2025 WL 1993222, at *4 (E.D. Cal. July 17, 2025) (quoting United Mine Workers v. Gibbs of Am., 383 U.S. 715, 726 (1996)). "The Supreme Court has found that when 'federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" Persinger, 2025 WL 1993222, at *4 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Because this Court recommends dismissal of plaintiff's Eighth Amendment claims as barred by the Eleventh Amendment at this early stage of this action, this Court recommends that the court decline to exercise supplemental jurisdiction over plaintiff's negligence claim.

This Court recommends dismissal of this action without further leave to amend because plaintiff cannot cure the pleading defects as to his Eighth Amendment claim against defendant CDCR. In the amended complaint, plaintiff disregarded this Court's advisement in the May 12, 2025 order that plaintiff name as defendants in the amended complaint the individuals responsible for the alleged Eighth Amendment violations. Based on these circumstances, this Court finds that granting plaintiff further opportunity to amend his complaint is not warranted. See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal citations omitted) ("A district court should not dismiss a pro se complaint without leave to amend unless it appear clear that the deficiencies of the complaint could not be cured by amendment.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Eighth Amendment claims against defendant CDCR be dismissed as barred by the Eleventh Amendment;

5

    2. The Court decline to exercise supplemental jurisdiction over plaintiff's negligence claim; and

    3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2025

                                                    CHI SOO KIM
                                                    UNITED STATES MAGISTRATE JUDGE

Hick1249.56(2)/2